PER CURIAM.
Chad Taylor pled guilty to possessing a prohibited object in prison in violation of 18 U.S.C. § 1791(a)(2). Taylor received a sentencing enhancement for committing a “crime of violence” under the career offender guideline, U.S.S.G. § 4Bl.l(a). On appeal, Taylor argues that his sentence is unlawful because the language in the guideline is unconstitutionally vague. We held this appeal in abeyance pending the Supreme Court’s anticipated decision in Johnson v. United States.
In Johnson, the Court held that the residual clause of the Armed Career Criminal Act (ACCA) is unconstitutionally vague. 576 U.S. —,-, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015). That clause defines a “violent felony” to include any felony that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” 18 U.S.C. § 924(e) (2) (B) (ii). The residual clause of the sentencing guideline uses identical language to the ACCA, including as a “crime of violence” any felony that “otherwise involves conduct that presents a serious potential risk of physical injury to another.” U.S.S.G. § 4B1.2(a)(2). We requested supplemental briefing to address the relevance of the Supreme Court’s decision to Mr. Taylor’s case.
The United States concedes that the sentence imposed by the district court should be vacated and the case remanded for resentencing in light of Johnson. After Johnson, the Supreme Court vacated and remanded for reconsideration two *933 guideline sentences using the residual clause. E.g., United States v. Maldonado, 581 Fed.Appx. 19, 22-28 (2d Cir.2014), vacated and remanded, — U.S. -, 135 S.Ct. 2929, 192 L.Ed.2d 966 (2015). The Sixth Circuit recently vacated a guideline sentence using the residual clause and remanded to the district court for reconsideration in light of Johnson. United States v. Darden, 605 Fed.Appx. 545, 546 (6th Cir.2015).
In United States v. Wivell, our circuit concluded that the sentencing guidelines are “not susceptible to a vagueness attack.” 893 F.2d 156, 159 (8th Cir.1990). We reasoned there that the due process vagueness doctrine -does not apply to the guidelines because they do not “attempt[ ] to proscribe or prescribe conduct,” but only provide guidance in sentencing convicted criminals. Id. at 159-160. Wivell does not foreclose Taylor’s challenge, however, because a prior panel ruling does not control “when the earlier panel decision is cast into doubt by an intervening Supreme Court decision.” United States v. Anderson, 771 F.3d 1064, 1067 (8th Cir.2014).
In Johnson, the Supreme Court explained that the Fifth Amendment principles prohibiting vague or standardless criminal laws “apply not only to statutes defining elements of crimes, but also to statutes fixing sentences.” 135 S.Ct. at 2557. The ACCA residual clause stricken by the Court was a sentencing statute, not a statute proscribing conduct. See 18 U.S.C. § 924(e). Although the guidelines are not statutes, district courts must consider them and correctly calculate the advisory guideline range. Gall v. United States, 552 U.S. 38, 49, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Feemster, 572 F.3d. 455, 460-61 (8th Cir.2009) (en banc). The reasoning in Wivell that the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after Johnson. See 135 S.Ct. at 2557. We leave for the district court on remand the question of whether the residual clause of the career offender guideline is unconstitutional.
For these reasons, we vacate Taylor’s sentence and remand to the district court for resentencing.