# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1261

_____

United States of America,

*Plaintiff - Appellee*,

v.

Leonard S. Ellis,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 16, 2015
Filed: March 7, 2016

_____

Before COLLOTON, GRUENDER, and SHEPHERD, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Leonard Ellis pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] sentenced him to sixty-one months' imprisonment. Ellis reiterates on appeal

_____

[1]The Honorable Greg Kays, Chief Judge, United States District Court for the Western District of Missouri.

a claim of procedural error at sentencing that was rejected by the district court. He also advances two new challenges to the sentence that are raised for the first time in this court. We conclude that the district court ruled correctly on the first argument, and that neither of the forfeited arguments establishes a plain error warranting relief. We therefore affirm the judgment.

At sentencing, the district court calculated an advisory sentencing range for Ellis. Under USSG § 2K2.1, the base offense level for an offender convicted as a felon in possession of a firearm depends in part on his criminal history. If Ellis sustained a prior felony conviction for a crime of violence, then his base offense level is 20. Without a prior conviction for a crime of violence, his base offense level would be 14. The district court found that Ellis's prior felony conviction for resisting arrest by fleeing, in violation of Mo. Rev. Stat. § 575.150, was a "crime of violence" within the meaning of USSG § 4B1.2(a) and applied the higher offense level. Given a base offense level of 20, a three-level reduction for acceptance of responsibility, and a criminal history category of VI, the court determined an advisory sentencing range of 51 to 63 months' imprisonment. After considering the factors set forth in 18 U.S.C. § 3553(a), the court sentenced Ellis to 61 months.

Ellis objected to the district court's finding on the ground that his prior offense of conviction for resisting arrest by fleeing in Missouri is not categorically a crime of violence. The district court relied on the residual clause of § 4B1.2(a)(2), which defines "crime of violence" to include any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." Ellis contends that a person can violate § 575.150 by "fleeing from [an] officer," and that some violations—such as merely fleeing on foot—would not present a sufficient risk of injury to be crimes of violence.

In *United States v. Hudson*, 577 F.3d 883 (8th Cir. 2009), however, this court held that a felony violation of § 575.150 is categorically a crime of violence. Because

one element of a felony violation requires proof that the defendant's flight created a "substantial risk of serious physical injury," we concluded that the offense necessarily "presents a serious potential risk of physical injury to another" within the meaning of § 4B1.2(a)(2). *Id.* at 885-86; *accord United States v. Hollis*, 447 F.3d 1053, 1054-55 (8th Cir. 2006) (per curiam). Any flight that does not present a substantial risk of serious injury constitutes only a misdemeanor under the statute. Mo. Rev. Stat. § 575.150(5). Therefore, the district court correctly overruled Ellis's objection.

Ellis, relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015), argues for the first time on appeal that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague, and that the court's finding of a prior crime of violence under the residual clause is therefore erroneous. *Johnson* held that a similarly worded residual clause in 18 U.S.C. § 924(e), which affected the statutory minimum and maximum penalties for a defendant, is unconstitutionally vague. *Id.* at 2557. The government responds that Ellis's claim was forfeited and thus should be reviewed under the plain-error standard. Gov't Supp. Br. 5; *see* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993). The government agrees with Ellis that the residual clause is unconstitutionally vague, but argues that Ellis cannot show a reasonable probability that he would have received a lighter sentence even if the court had applied a lower base offense level under the advisory guidelines.

We conclude that if there was error in applying the residual clause to Ellis's prior conviction, then the error is not "obvious" or "plain," and relief is not warranted under the plain-error standard of review. Although the government agrees with Ellis's argument that the holding of *Johnson* applies to the residual clause of § 4B1.2(a)(2), the government's concession is not conclusive. *United States v. Dawn*, 685 F.3d 790, 795 (8th Cir. 2012). Whether a vague advisory sentencing guideline could violate the Due Process Clause is an open question in this circuit, and the answer is not obvious.

This court held in *United States v. Wivell*, 893 F.2d 156 (8th Cir. 1990), that the guidelines "are simply not susceptible to a vagueness attack." *Id*. at 159; *see also United States v. Tichenor*, 683 F.3d 358, 363-65 (7th Cir. 2012); *United States v. Smith*, 73 F.3d 1414, 1418 (6th Cir. 1996); *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). Recently, this court concluded that the "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague because they do not proscribe conduct is doubtful after *Johnson*." *United States v. Taylor*, 803 F.3d 931, 933 (8th Cir. 2015). But *Taylor* did not decide whether the guideline is unconstitutionally vague and did not address other reasoning in *Wivell*, to wit: "Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague." *Wivell*, 893 F.2d at 160. Nor did *Taylor* consider the reasoning of *United States v. Matchett*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), where the Eleventh Circuit held after *Johnson* that the residual clause of § 4B1.2(a)(2) is not unconstitutionally vague. Instead, *Taylor* "le[ft] for the district court on remand the question of whether the residual clause of the career offender guideline is unconstitutional." 803 F.3d at 933.

If it were obvious that the guidelines are susceptible to a constitutional vagueness challenge and that the residual clause of § 4B1.2(a)(2) is unconstitutional, then it seems unlikely that this court in *Taylor* would have left the question open for consideration by the district court in that case. *See also United States v. Benedict*, No. 14-3412, slip op. at 12 (8th Cir. Mar. 2, 2016) (assuming without deciding that *Johnson* applies to the residual clause in the sentencing guidelines). Whatever the dissent believes that *Taylor* "necessarily" concluded, *post*, at 9, the opinion by its terms did not apply plain-error review and did not identify an error, much less an obvious error, in applying the residual clause of § 4B1.2(a)(2). *See Webster v. Fall*, 266 U.S. 507, 522 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as

-4-

having been decided as to constitute precedents."); *Prince v. Kids Ark Learning Ctr.*, 622 F.3d 992, 995 n.4 (8th Cir. 2010) (per curiam) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.") (internal quotation omitted). Without rehearsing all of the arguments for and against applying the vagueness doctrine to the advisory guidelines, it is sufficient to say that the answer is not obvious or plain. Ellis is therefore not entitled to relief based on *Johnson*.[2]

Ellis also argues for the first time on appeal that the district court erred by considering his prior conviction for resisting arrest by fleeing because it was not a conviction for which he received criminal history points under USSG § 4A1.1(a), (b), or (c). When determining a defendant's base offense level for unlawful possession of a firearm, the sentencing court should consider only prior sentences for which the defendant received criminal history points. USSG § 2K2.1, comment. (n.10). Ellis reasons that when a defendant receives concurrent sentences for two prior offenses, only the "longest sentence of imprisonment" counts as a prior sentence for which points are assessed. *See* USSG § 4A1.2(a)(2). And he contends that because his conviction for resisting arrest by fleeing was sentenced concurrently with a conviction for tampering with a motor vehicle and the term for both offenses was the same, the sentence for resisting arrest by fleeing was not the "longest sentence of imprisonment."

---

[2]*Taylor* does not explain directly why the case was returned to the district court, but the panel might have acted on the government's agreement that the case should be remanded. *See* 803 F.3d at 932. Here, the government urges affirmance on the ground that Ellis cannot show a plain error that affected his substantial rights. Insofar as the *Taylor* panel thought the government could "waive" plain-error review, *see United States v. Encarnacion-Ruiz*, 787 F.3d 581, 586-87 (11th Cir. 2015), the decision would be contrary to *United States v. Bain*, 586 F.3d 634, 639 n.4 (8th Cir. 2009) (per curiam), and we would follow the earlier precedent even if there were a purported waiver here. *United States v. Mader*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc); *Avon State Bank v. BancInsure, Inc.*, 787 F.3d 952, 959 n.3 (8th Cir. 2015).

A panel of this court accepted a comparable argument in *King v. United States*, 595 F.3d 844, 850 (8th Cir. 2010), reasoning that when a defendant receives two concurrent sentences of equal length, "[e]ither both of them are 'the longest sentence of imprisonment' or neither is." *Id.* (internal citation omitted). *King* said it was "plausible" to conclude that neither sentence is the "longest," and held that the rule of lenity required the court to forego counting a crime of violence when the defendant also received a concurrent sentence of equal or greater length for a nonviolent crime. *Id.* at 850-52.

*King* quickly proved to be an outlier. Before *King*, the Eleventh Circuit had rejected a similar contention, concluding that "[i]t would be illogical . . . to ignore a conviction for a violent felony just because it happened to be coupled with a nonviolent felony conviction having a longer sentence." *United States v. Cornog*, 945 F.2d 1504, 1506 n.3 (11th Cir. 1991). Shortly after *King*, the Sixth Circuit rejected the decision as a "nonsensical" interpretation of the guidelines that would lead to a "ridiculous result." *United States v. Williams*, 753 F.3d 626, 639 (6th Cir. 2014). *Williams* reasoned that a defendant should not earn lenient treatment by committing *more* crimes than the qualifying offense. The Sixth Circuit ruled that each of two convictions resulting in equal concurrent sentences independently supports the assessment of criminal history points. Therefore, either sentence may serve as a predicate under the career offender guideline or USSG § 2K2.1, if the offense underlying the sentence was a crime of violence. *Id.*

Another panel of this court later agreed with the Sixth Circuit that *King* was wrongly decided. *Donnell v. United States*, 765 F.3d 817, 819-20 (8th Cir. 2014). The Sentencing Commission promptly amended the guidelines to follow the Sixth Circuit's approach in *Williams*. USSG § 4A1.2, comment. (n.3(A)); Sentencing Guidelines for United States Courts, 80 Fed. Reg. 25,782-01, at 25,794 (May 5, 2015).

The government appears to acknowledge that the district court's calculation would be plainly erroneous under the reasoning of *King*, but contends that there is no reasonable probability that Ellis would have received a lighter sentence in any event. Without a prior crime of violence, the advisory guideline range for Ellis would have been 30 to 37 months' imprisonment. The government contends, however, that Ellis has not shown a reasonable probability that the district court would have sentenced him to a term of fewer than 61 months after considering the factors under 18 U.S.C. § 3553(a). The government cites the district court's comment that even with an advisory range of 51 to 63 months, there were reasons to consider varying upward from that range: Ellis possessed drugs and ammunition when committing the instant firearms offense; he had sustained seven prior felony convictions; and he performed poorly while on supervision after the prior convictions. S. Tr. 10-12.

Whether or not it could be said that Ellis has shown a reasonable probability of a more favorable outcome under a different guideline calculation, this is not an appropriate case for relief under the plain-error standard. The plain-error rule is permissive, not mandatory, and a court of appeals has authority to order correction of an error, but is not required to do so. *See Olano*, 507 U.S. at 735. Affirming the sentence imposed in this case works no miscarriage of justice. Ellis's forfeited argument based on *King* relies on a temporary quirk of jurisprudence that was promptly rejected by a sister circuit, another panel of this court, and the Sentencing Commission. The sentence imposed is well within the statutory range authorized for the offense of conviction, and it is consistent with the better view of the Sentencing Commission's advice, both past and present. In our view, it will not seriously affect the fairness, integrity, or public reputation of judicial proceedings to leave the judgment in place. *See id*. at 735-36.

The judgment of the district court is affirmed.

SHEPHERD, Circuit Judge, dissenting in part.

I concur with the conclusion that Ellis's felony conviction under Mo. Rev. Stat. § 575.150 is categorically a crime of violence as found by our previous cases. I also concur with the conclusion that Ellis is not entitled to plain error relief on his argument that the district court erred in considering his prior conviction for resisting arrest by fleeing because it was not a conviction for which he received criminal history points. However, I respectfully dissent from the majority's determination that Ellis has not established plain error in his argument that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague after the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The majority's rejection of this claim is in direct contradiction to this court's action in United States v. Taylor, 803 F.3d 931 (8th Cir. 2015).

In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The Supreme Court struck the ACCA's language: "or otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. This language is identical to the residual clause in the career offender Guideline § 4B1.2(a)(2). We have long treated "crime of violence" under § 4B1.2(a) of the Guidelines the same as "violent felony" under the ACCA. See United States v. Johnson, 417 F.3d 990, 997 (8th Cir. 2005) ("The statutory definition of 'violent felony' is viewed as interchangeable with the guidelines definition of 'crime of violence.'"), overruled on other grounds by United States v. Williams, 537 F.3d 969, 973 (8th Cir. 2008).

Although the government concedes § 4B1.2(a)(2) is unconstitutionally vague and thus it was error for the court to apply the higher base offense level, the majority concludes the error was not "plain" or "obvious" under the case law of this circuit. The majority has determined our prior decision in Taylor is not binding on the

-8-

handling of this case because the court did not "decide whether the guideline is unconstitutionally vague" or address other arguments that support applying the vagueness doctrine to the advisory Guidelines. I dissent because this panel should follow our Taylor precedent and vacate Ellis's sentence and remand to the district court for resentencing.

As the majority points out, we did not determine in Taylor whether Johnson's holding applies to § 4B1.2(a)(2), although the government concedes that it does. Instead, we vacated the sentence and "le[ft] for the district court on remand the question of whether the residual clause of the career offender guideline is unconstitutional." Taylor, 803 F.3d at 933. In Taylor, the defendant argued before the district court and on appeal that his possession of a shank while an inmate in a penal institution did not qualify as a crime of violence under the Guidelines. No constitutional argument was mentioned either before the district court or on appeal. While the case was pending before our court, the Supreme Court decided Johnson. After the Johnson decision, we ordered and received supplemental memoranda from the parties as to the application of Johnson. At that time, the government conceded that Johnson applied to Guidelines and thus to the Taylor case.

In Taylor, we vacated the sentence and remanded to the district court. Taylor, 803 F.3d at 933. We did not address the appropriate standard of review. But what is clear is that before the district court and before this court in his initial briefing, Taylor did not raise the issue of whether the crime of violence definition was unconstitutionally vague. He focused instead on whether his crime met the Guidelines definition of a "crime of violence." Necessarily then, the court applied the plain error standard in Taylor for the same reasons that standard applies here—the issue of whether the Guidelines's language was unconstitutionally vague was never raised to the district court.

There is nothing to distinguish the presentation of issues in this case from Taylor. Ellis objected to the proposed base offense level of 20, arguing that his prior conviction for resisting arrest cannot be classified as a crime of violence under § 2K2.1(a)(4)(A).[3] Ellis did just as much as Taylor, and to not send this case back to the district court as we did in the Taylor case is inequitable and directly contrary to our Taylor precedent.

I dissent.

_____

[3]Section 2K2.1(a)(4)(A) applies the same meaning to "crime of violence" as § 4B1.2. See U.S.S.G. § 2K2.1, comment. (n.1).