*424 SHEPHERD, Circuit Judge,
dissenting in part.
I concur with the conclusion that Ellis’s felony conviction under Mo.Rev.Stat. § 575.150 is categorically a crime of violence as found by our previous cases. I also concur with the conclusion that Ellis is not entitled to plain error relief on his argument that the district court erred in considering his prior conviction for resisting arrest by fleeing because it was not a conviction for which he received criminal history points. However, I respectfully dissent from the majority’s determination that Ellis has not established plain error in his argument that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague after the Supreme Court’s decision in Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). The majority’s rejection of this claim is in direct contradiction to this court’s action in United States v. Taylor, 803 F.3d 931 (8th Cir.2015).
In Johnson, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. The Supreme Court struck the ACCA’s language: “or otherwise involves conduct that presents a serious potential risk of physical injury to another.” 135 S.Ct. at 2563. This language is identical to the residual clause in the career offender Guideline § 4B1.2(a)(2). We have long treated “crime of violence” under § 4B1.2(a) of the Guidelines the same as “violent felony” under the ACCA. See United States v. Johnson, 417 F.3d 990, 997 (8th Cir.2005) (“The statutory definition of ‘violent felony’ is viewed as interchangeable with the guidelines definition of ‘crime of violence.’ ”), overruled on other grounds by United States v. Williams, 537 F.3d 969, 973 (8th Cir.2008).
Although the government concedes § 4B1.2(a)(2) is unconstitutionally vague and thus it was error for the court to apply the higher base offense level, the majority concludes the error was not “plain” or “obvious” under the case law of this circuit. The majority has determined our prior decision in Taylor is not binding on the handling of this case because the court did not “decide whether the guideline is unconstitutionally vague” or address other arguments that support applying the vagueness doctrine to the advisory Guidelines. I dissent because this panel should follow o'ur Taylor precedent and vacate Ellis’s sentence and remand to the district court for resentencing.
As the majority points out, we did not determine in Taylor whether Johnson’s holding applies to § 4B1.2(a)(2), although the government concedes that it does. Instead, we vacated the sentence and “le[ft] for the district court on remand the question of whether the residual clause of the career offender guideline is unconstitutional.” Taylor, 803 F.3d at 933. In Taylor, the defendant argued before the district court and on appeal that his possession of a shank while an inmate in a penal institution did not qualify as a crime of violence under the Guidelines. No constitutional argument was mentioned either before the district court or on appeal. While the case was pending before our court, the Supreme Court decided Johnson. After the Johnson decision, we ordered and received supplemental memoranda from the parties as to the application of Johnson. At that time, the government conceded that Johnson applied to Guidelines and thus to the Taylor case.
In Taylor, we vacated the sentence and remanded to the district court. Taylor, 803 F.3d at 933. We did not address the appropriate standard of review. But what is clear is that before the district court and *425 before this court in his initial briefing, Taylor did not raise the issue of whether the crime of violence definition was unconstitutionally vague. He focused instead on whether his crime met the Guidelines definition of a “crime of violence.” Necessarily then, the court applied the plain error standard in Taylor for the same reasons that standard applies here — the issue of whether the Guidelines’s language was unconstitutionally vague was never raised to the district court.
There is nothing to distinguish the presentation of issues in this case from Taylor. Ellis objected to the proposed base offense level of 20, arguing that his prior conviction for resisting arrest cannot be classified as a crime of violence under § 2K2.1(a)(4)(A).[3] Ellis did just as much as Taylor, and to not send this case back to the district court as we did in the Taylor case is inequitable and directly contrary to our Taylor precedent.
I dissent.

. Section 2K2.1(a)(4)(A) applies the same meaning to "crime of violence” as § 4B1.2. See U.S.S.G. § 2K2.1, comment, (n. 1).