LOKEN, Circuit Judge,
concurring.
Although I agree with Judge Colloton’s dissent in United States v. Taylor, 803 F.3d 931, 933-34 (8th Cir.2015), our panel is boririd by the coritrary 'decision of the panel majority in Taylor. Therefore, I concur in the decision to remand for resen-tencing, with the district court free to consider ' on remand' “whether, the residual clause of the career offender guideline is unconstitutional.” Id. at 933.
I disagree with the court’s conclusion that 'the district court’s alternative 262- *991 month sentence was “unsupported by the law.” First, the court asserts that Martinez’s criminal history following his release from prior felony drive-by-shooting and escape-from-arrest sentences does not support a severe upward variance. But the unlawful activities summarized in footnote 3 of the court’s opinion were clearly relevant to the court’s determination of the sentence to impose. See 18 U.S.C. § 3553(a)(1), (2). The court in footnote 3 discounts the relevance of his recent drug trafficking activities because “[tjhey are part of the offense for which he was convicted.” But in determining whether to impose an upward variance,, a district court “shall consider (1) the nature and circumstances of the offense....” § 3553(a)(1).
. Second, the court complains that Martinez’s guidelines range already accounted for his prior convictions because each received . three criminal history points. Again, this .reasoning is contrary to well-established sentencing principles under the advisory guidelines. “[Fjactors that have already been taken into account in calculating the advisory Guidelines. range can nevertheless form the basis of a variance.” United States v. David, 682 F.3d 1074, 1077 (8th Cir.2012).
Third, the court criticizes the district court “because it found Martinez should still be considered a career offender even if he was not ‘technically’ a career offender.” Supra at 989-90. The criticism is unwarranted. Leaving aside whether the residual clause in U.S.S.G. § 4B1.2(a)(2) is void for vagueness, the government’s concession on appeal that Martinez is no longer a career offender overlooks an issue the district court will be free to address on remand that may be highly relevant to whether and to what extent an upward variance is warranted. The state court Information charged Martinez with “Escape,” a violation of Neb. Rev. Stat. “28-912 III FO,” when he “unlawfully removed himself from official detention while under arrest or detained for a felony charge.” At the hearing when'Martinez pleaded no contest to this charge,' the prosecutor described the offense as involving an escape from arresting officers that included some force and violence. Martinez agreed with this description. He also acknowledged that the State had agreed not to file additional charges of resisting arrest and obstructing a police officer, in exchange for Martinez pleading guilty both to the felony escape charge and to the felony drive-by shooting charge that led to the arrest from which he tried to escape.[4] The post-plea Commitment document recited that his offense was “escape when under arrest on felony chg” in violation of section “28-912(5)(A).” ’
The Nebraska escape statute, §' 28-912, provides that “(5) Escape is a Class III felony where: (a) The detainee was under arrest for or detained on a felony charge ... or (b) The actor employs force, threat, deadly weapon, or other dangerous instrumentality to effect the escape.” To determine whether a prior offense was a crime of violence, we apply the modified categorical approach as construed in Descamps v. United States, — U.S. -, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013). In United States v. Tucker, 740 F.3d 1177, 1181 (8th Cir.2014) (en banc), we held that the subsections of § 28-912 are “divisible” of *992 fenses. Here, at Martinez’s sentencing for this offense, the government did not argue that his prior escape offense was a crime of violence under U.S.S.G. § 4B1.2(a)(l) because it had “as an element the use, attempted use, or threatened use of physical force against the person of another.” That issue was of no significance because the offense qualified under the residual clause of § 4B1.2(a)(2). But if the residual clause is now void for vagueness, the district court should be free to consider on remand whether Martinez’s escape conduct violated § 28-912(5)(b), and well as (5)(a), and therefore was a crime of violence under U.S.S.G. § 4B1.2(a)(l). This may have been a basis for the court’s alternative sentence.
Though I disagree with the court’s reasoning, given the uncertainty that continues to surround these sentencing issues, and the severe impact of the career offender issue on Martinez’s advisory guidelines range, I agree with the court that the government has failed to establish that the district court’s alternative sentence renders any underlying career offender error harmless. Rather, I conclude that justice is best served by a remand for resentenc-ing that of course will include whether to vary upward from the court’s final guidelines range determination. Therefore, I concur.

. As the PSR déscribed this offense, "Two individuals ... were standing in the front yard of the residence when a van drove by and fired numerous shots at the house. Several individuals, including two young children, were inside the house at the time of the shooting, but no one wás harmed.”