# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1697

_____

United States of America

*Plaintiff - Appellee*

v.

Marvance J. Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: March 18, 2016
Filed: June 21, 2016

_____

Before WOLLMAN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Following his conviction for being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1) and 924(a)(2), Marvance Robinson appealed his 75-month sentence, maintaining that the district court erred in holding that two of his prior felony convictions were for crimes of violence and increasing his sentence accordingly. *See* U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(a). Robinson did not challenge

this enhancement in the district court. After he was sentenced, the Supreme Court held in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), that the so-called "residual clause" in the Armed Career Criminal Act, which defined a "violent felony" to include one that "involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. The Guidelines's definition of crime of violence contains an identically worded residual clause, *see* U.S.S.G. § 4B1.2(a)(2), which Robinson now argues is likewise unconstitutional. Both the ACCA definition of "violent felony" and the Guidelines's definition of "crime of violence" also include a "force clause" that sweeps in crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i); U.S.S.G. § 4B1.2(a)(1). *Johnson* did not invalidate the ACCA's force clause, *Johnson*, 135 S. Ct. at 2563, but Robinson also maintains that his prior convictions did not qualify him for a sentencing increase under the force clause.

Because Robinson did not object to the district court's crimes-of-violence determination or the resulting increase in offense level, we review for plain error. To obtain relief, Robinson must show that the district court committed a plain error that affected his substantial rights and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Davis*, 538 F.3d 914, 917 (8th Cir. 2008).

After reviewing the record, we cannot tell whether the district court relied on the residual clause or the force clause to determine that Robinson's prior offenses were crimes of violence. If it used the residual clause, our precedent would foreclose Robinson's argument because we have held that a district court does not commit plain error in holding that a defendant's prior felonies constitute crimes of violence under the Guidelines's residual clause. *United States v. Ellis*, 815 F.3d 419, 421 (8th Cir. 2016). We reasoned that any error would not be "obvious" or "plain" because the

susceptibility of the Guidelines to constitutional vagueness challenges is an open question in this circuit. *Id.* at 421–22.

But both parties here assert that it would have been error if the district court enhanced Robinson's sentence under the force clause to the extent it did because the statute underlying Robinson's conviction for resisting arrest by fleeing, *see* Mo. Rev. Stat. § 575.150.5, does not require that a defendant use force or the threat of force for conviction. We agree. We recently explained that a conviction for fleeing under this very statute would not constitute a violent felony under the ACCA's force clause, *United States v. Shockley*, 816 F.3d 1058, 1063 (8th Cir. 2016), and "we generally treat the term 'crime of violence' under § 4B1.2(a) of the advisory guidelines the same as the term 'violent felony' under the ACCA." *United States v. Williams*, 627 F.3d 324, 327 n.1 (8th Cir. 2010). The Supreme Court has likewise concluded that a similar conviction in Indiana for vehicular flight does not qualify as a violent felony under the force clause. *See Sykes v. United States*, 564 U.S. 1, 8 (2011), *overruled on other grounds by Johnson*, 135 S. Ct. at 2563. Based on these precedents and a simple reading of the relevant statute, any error in concluding that Robinson's conviction for resisting arrest by fleeing was a crime of violence under the force clause would be plain.

We conclude, moreover, that Robinson would be entitled to plain-error relief if he was sentenced under the force clause. The Supreme Court recently held that "[w]hen a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). A reasonable probability of a different outcome is sufficient to show that the error would affect Robinson's substantial rights. *Id.* at 1349. In *Molina-Martinez*, the Court decided that a defendant's substantial rights were affected when the district court sentenced him under an incorrect Guidelines range, even though the sentence

he received fell within both the correct and incorrect ranges. *Id.* at 1345. Robinson's circumstances make out an even better case for relief because the Guidelines range he was sentenced under was 70–87 months' imprisonment, and he received a sentence of 75 months; without the conviction for resisting arrest counting as a crime of violence, Robinson's range would have been 46–57 months. Finally, because a reasonable probability exists that absent the error Robinson would have received a shorter sentence, we conclude that the error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Nahia*, 437 F.3d 715, 717 (8th Cir. 2006). Robinson has therefore established all the requisites for plain-error relief if his sentence was based on the force clause.

Although Robinson could not prevail on this appeal if the district court sentenced him under the Guidelines's residual clause, he could if the district court sentenced him under the force clause. Since the record does not reveal which provision guided the court's decision, it seems to us that the better course is to remand for resentencing and allow the district court to clarify its reasoning and make a reviewable record. If necessary, depending on what course the district court takes in resentencing, it may have to determine whether the other crime that it used to increase Robinson's sentence, a conviction for robbery, qualifies him for an enhancement.

Remanded.

_____