# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4018

_____

United States of America

*Plaintiff - Appellee*

v.

Marvance J. Robinson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 18, 2017
Filed: September 28, 2017
[Unpublished]

_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Marvance Robinson appeals the district court's[1] 75-month sentence, imposed following his conviction for being a felon in possession of a firearm in violation of

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

18 U.S.C. §§ 922(g)(1) and 924(a)(2). This is Robinson's second appeal. In United States v. Robinson (Robinson I), 826 F.3d 1044 (8th Cir. 2016), Robinson argued that the district court erred in finding that his two prior felony convictions–a 2013 Missouri conviction for resisting arrest by fleeing, and a 2008 Kansas conviction for robbery–were crimes of violence, which increased his sentence pursuant to United States Sentencing Guidelines §§ 2K2.1(a)(2) and 4B1.2(a).[2]  After reviewing the record, we could not determine whether the district court had enhanced the sentence pursuant to the force clause or the residual clause of § 4B1.2(a)(2), and thus remanded to the district court for clarification. Robinson I, 826 F.3d at 1045-46. We noted that if the district court used the residual clause to classify the resisting arrest offense, it would not be plain error because at that time, the constitutionality of the Guidelines' residual clause was an "open question" in this circuit. Id. at 1045. We also noted that while the Missouri fleeing arrest would *not* qualify under the force clause, the district court "may have to determine whether the other crime that it used to increase Robinson's sentence, a conviction for robbery, qualifies him for an enhancement." Id. at 1046.

Upon remand, Robinson argued to the district court that neither the resisting arrest nor the robbery conviction qualified as crimes of violence. After hearing arguments, the district court clarified that Robinson's prior offense for Kansas robbery was a crime of violence under the force clause, and the Missouri resisting arrest was a crime of violence under the residual clause, and stated "[t]he 75-month sentence remains the same as I previously sentenced."

---

[2]U.S.S.G. § 2K2.1(a)(2) provides a base offense level of 24 if the defendant committed the instant offense subsequent to sustaining at least two felony convictions of a crime of violence. U.S.S.G. § 4B1.2(a) (2014) defines "crime of violence" to include a felony that has "as an element the use, attempted use, or threatened use of physical force against the person of another" (the force clause) or "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause).

On appeal, Robinson appears to concede that he cannot prevail based upon his prior resisting offense, and he instead claims that the Kansas robbery conviction does not qualify under the force clause. Robinson cites an unpublished, non-precedential order and judgment from the Tenth Circuit in support of his argument. United States v. Nicholas, 686 F. App'x 570, 575-76 (10th Cir. 2017). In Nicholas, the court held that the degree of physical force required to commit robbery in Kansas[3] does not necessarily rise to the level of physical force required to establish a crime of violence in light of Johnson v. United States, 559 U.S. 133, 140 (2010) (defining "physical force" in the "force clause" to mean violent force capable of causing physical pain or injury to another). The Nicholas court relied upon State v. McKinney, 961 P.2d 1 (Kan. 1998) in coming to this conclusion. In McKinney, the defendant argued to the jury that he merely snatched a woman's purse, but did not shove her, and therefore the court should have instructed the jury on the lesser included offense of theft. The Kansas Supreme Court agreed with the government that even if the defendant's version of events was true, he could still be convicted of robbery. Id. at 8. However, the court also noted that "theft is not committed where the thief has used force to gain possession of the property." Id. Nonetheless, based upon McKinney, the Nicholas court found that the minimum force–snatching a purse without shoving–possible under Kansas law to support a robbery conviction did not qualify as sufficiently violent force capable of causing physical pain or injury as required by Johnson. 686 F. App'x 575-76.

Despite our sister circuit's reasoning in Nicholas, we find that Robinson's arguments concerning the Kansas robbery statute are foreclosed by our panel opinion in United States v. Brown, 550 F.3d 724 (8th Cir. 2008). In Brown, we construed the

---

[3]Robinson was convicted under a Kansas statute which defines robbery as "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." Kan. Stat. § 21-3462 (1999) (repealed 2011).

same Kansas robbery statute under § 4B1.2(a)(1) and found that it has as an element "the use, attempted use, or threatened use of physical force against the person of another." Id. at 729 (quotation omitted). We further noted that Application Note 1 to the Commentary for § 4B1.2 "define[d] 'crime of violence' to include robbery." Id. Because Brown squarely decided the issue in question, and is binding precedent upon our panel (while Nicholas is not), we reject Robinson's argument that his previous conviction for robbery does not qualify under the force clause as a predicate offense for § 4B1.2(a). Accordingly, we affirm the district court.

————————————————————