# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3668
_____

United States of America

*Plaintiff   Appellee*

v.

Brandon A. Morris, also known as Brandon C. Morris

*Defendant   Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: November 11, 2019
Filed: April 8, 2020
_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

Brandon Morris pleaded guilty to possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district

court[1] applied a career offender enhancement and sentenced Morris to 262 months in prison. For the first time on appeal, Morris argues that the rule of lenity should have prevented the district court from considering him a career offender. We affirm.

To apply the career offender enhancement, the district court needed to identify "two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Plus, under the definitions in § 4B1.2(c), the sentence for each "prior felony conviction" must have "counted separately under the provisions § 4A1.1(a), (b), or (c)" toward Morris' criminal history score. Morris' presentence investigation report listed 14 prior offenses. The district court identified only two that were crimes of violence or controlled substance offenses: a 2011 conviction for second-degree domestic assault and a 2010 sale of an imitation controlled substance conviction. The district court also counted the sentences for these two convictions separately for criminal history purposes (as required under § 4B1.2(c)) by assigning the domestic assault offense three points under § 4A1.1(a) and the controlled substance offense one point under § 4A1.1(c).

Morris claims that the district court erred by considering him a career offender. His argument goes like this. First, he notes that § 4A1.1(c) permits only four prior sentences to be counted toward a defendant's criminal history score and does not specify how to choose between prior sentences that could receive a point. Second, because he had nine prior convictions that could be counted under § 4A1.1(c), Morris suggests that the Guidelines did not require the district court to pick a group of four that included the 2010 controlled substance offense. Finally, he claims that the rule of lenity *required* the district court to not count the controlled substance offense under § 4A1.1(c).

---

[1] The Honorable David Gregory Kays, then Chief Judge of the United States District Court for the Western District of Missouri, now United States District Judge for the Western District of Missouri.

Because Morris failed to raise this claim below, we review for plain error. *United States v. Wohlman*, 651 F.3d 878, 883–84 (8th Cir. 2011). Morris must show "(1) an error; (2) that is plain; and (3) that affects substantial rights." *Id.* at 884. Even if Morris satisfies these requirements, "we may exercise our discretion to correct a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

We conclude that the district court did not commit error, plain or otherwise. The lynchpin of Morris's argument is that § 4A1.1(c) is ambiguous because it does not specify how district courts should select among prior sentences that are eligible to be counted under that subsection. But we fail to see any ambiguity here, let alone one that would trigger the rule of lenity on plain error review. *See Ocasio v. United States*, 578 U.S. ——, ——, n. 8, 136 S. Ct. 1423, 1434, n. 8 (2016) ("The rule of lenity applies only when a criminal statute contains a grievous ambiguity or uncertainty, and only if, after seizing everything from which aid can be derived, the Court can make no more than a guess as to what Congress intended." (cleaned up)); *United States v. Ellis*, 815 F.3d 419, 423 (8th Cir. 2016) ("The plain-error rule is permissive, not mandatory, and a court of appeals has authority to order correction of an error, but is not required to do so."). Section 4A1.1(c) permits a court to count "up to a total of 4" prior sentences as long as they were "not counted in [§ 4A1.1](a) or (b)." So, when a defendant has more than four prior sentences that could be counted, the plain language of the Guideline gives the district court discretion to choose among them. Because there is no ambiguity here, "the rule of lenity is not applicable." *United States v. Johnson*, 529 U.S. 53, 59 (2000).[2]

---

[2] Morris argues that *United States v. King*, 595 F.3d 844 (8th Cir. 2010) and *United States v. Parker*, 762 F.3d 801 (8th Cir. 2014) lead to a different result. But those cases interpreted a different Guideline that has since been amended. *See United States v. Ellis*, 815 F.3d 419, 423 (8th Cir. 2016). *King* has also been criticized by other panels of this court and described as an "outlier." *Ellis*, 815 F.3d at 423; *Donnell v. United States*, 765 F.3d 817, 819–20 (8th Cir.2014). Because § 4A1.1(c)

We rejected a similar argument in *United States v. Gilliam*, 934 F.3d 854 (8th Cir. 2019). There, the defendant argued that the district court *could* have counted his prior sentences in a way that would have avoided adding another point to his criminal history score under § 4A1.1(e). *Id.* at 862. But, because the Guidelines also permitted the court to attribute the additional point, we held that there "there was [no] error, much less one that [was] plain." *Id.* Likewise, although the district court might have declined to count Morris's imitation controlled substance offense under § 4A1.1(c), it was not required to do so under the plain language of the Guideline.

The district court properly applied the career offender enhancement. We affirm.

_____

is not ambiguous, *King* and *Parker*'s rationale does not control here. Even if it did, we would not apply it on plain error review. *Ellis*, 815 F.3d at 423.