# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3498
_____

United States of America,

*Plaintiff - Appellee,*

v.

Adam Christopher Evans,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: September 23, 2024
Filed: January 13, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Adam Evans pleaded guilty to one count of transporting child pornography in interstate commerce. *See* 18 U.S.C. § 2252A(a)(1), (b)(1). The district court[*] sentenced Evans to 324 months' imprisonment. On appeal, Evans challenges the district court's calculation of the advisory sentencing guideline range. We affirm.

The dispute on appeal concerns the district court's assessment of criminal history points for two prior sentences arising from convictions for failure to register properly as a convicted sex offender. Evans was convicted of sexual exploitation of a minor in 2011. In 2017, he was registered as a sex offender in Iowa, but moved to Nebraska and changed his address without updating his registration within five business days. As a result, in 2018, he was convicted and sentenced in Iowa state court for a sex offender registration violation. *See* Iowa Code § 692A.104(2), .111(1). In 2019, based on the same course of conduct, Evans was convicted and sentenced in federal court for failing to register after crossing state lines and traveling in interstate commerce. *See* 18 U.S.C. § 2250(a). Because the sentence for each offense exceeded one year and one month, the district court in this case assessed three criminal history points for each sentence under USSG § 4A1.1(a).

Evans argues that because the same failure to update his sex-offender registration in Iowa resulted in two separate convictions, the two sentences should be treated as a single sentence for purposes of calculating his criminal history score. The guidelines address the point as follows:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (*i.e.*, the defendant is arrested for the first offense prior to committing the

---

[*]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.  Treat any prior sentence covered by subparagraph (A) or (B) as a single sentence.

USSG § 4A1.2(a)(2).

There was no "intervening arrest" in this case, so whether to count the sentences separately turns on the penultimate sentence of § 4A1.2(a)(2).  Prior sentences are counted separately unless one of two circumstances are present, and neither is applicable here.  The two sentences at issue did not result from offenses contained in the same charging instrument:  one offense was charged in Iowa state court; the other was brought in a federal indictment.  The state and federal sentences were imposed on different days:  the Iowa court imposed sentence in July 2018; the federal court entered judgment in November 2019.  The district court thus did not err in counting the two sentences separately and assessing three criminal history points for each sentence.  There is no exception to the separate counting requirement for sentences arising from the same course of conduct or from prosecutions of related conduct by different sovereigns.  *See United States v. Fuehrer*, 844 F.3d 767, 773-74 (8th Cir. 2016); *United States v. Jones*, 698 F.3d 1048, 1050-51 (8th Cir. 2012).

Evans invokes *United States v. Davidson*, 437 F.3d 737 (8th Cir. 2006), where this court said that sentences imposed in "related cases"—including those that resulted from a "single common scheme or plan"—are treated as one sentence.  *Id*. at 740.  *Davidson*, however, applied a former guideline under which "[p]rior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)."  USSG § 4A1.2(a)(2) (2006).  The Sentencing Commission amended § 4A1.2 in 2007, *see* USSG App. C., Amend. 709 (Nov. 1, 2007), and the "related cases" provision at issue in *Davidson* has been superseded by the current

guideline. The district court properly applied the guideline in effect at the time of sentencing. *See* USSG § 1B1.11(a).

Evans also appeals to the rule of lenity, but this principle applies only where a section of the guidelines "contains a grievous ambiguity or uncertainty." *United States v. Morris*, 955 F.3d 722, 724 (8th Cir. 2020) (quoting *Ocasio v. United States*, 578 U.S. 282, 295 n.8 (2016)). Evans contends that the current version of § 4A1.2(a)(2) is unclear about how to treat sentences resulting from prosecutions by separate sovereigns, and suggests that counting his sentences separately would improperly create unwarranted disparities among similarly situated defendants. *Cf.* 28 U.S.C. § 991(b)(1)(B). The text of § 4A1.2, however, provides unambiguously that Evans's sentences should be counted separately. Policy arguments for a different approach where prior sentences are imposed by courts of different sovereigns in "related cases" do not justify applying the rule of lenity to disregard the plain meaning of the guideline.

The judgment of the district court is affirmed.

_____