# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1120

_____

United States of America

*Plaintiff - Appellee*

v.

Laron Gray, also known as Marvin Verser

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2015
Filed: November 25, 2015
[Unpublished]

_____

Before RILEY, Chief Judge, BEAM and KELLY, Circuit Judges.

_____

PER CURIAM.

Laron Gray pleaded guilty to a single count of distributing 28 grams or more
of cocaine base, in violation of 21 U.S.C. § 841. Following application of the career

offender Guidelines enhancement, the district court[1] sentenced Gray to 188 months in prison. To qualify for the enhancement, Gray allegedly had three predicate crimes–two for aggravated assault, and one for second-degree battery. The government argues that the battery conviction qualifies under both the "force" clause of the career offender Guidelines, see United States Sentencing Guidelines Manual § 4B1.2(a)(1), and the "residual" clause in § 4B1.2(a)(2). The government concedes that the assault convictions, however, do not have an element of "force" and therefore qualify only under the "residual" clause of the career offender Guidelines. In June, the Supreme Court held that the identically worded "residual clause" of the Armed Career Criminal Act was unconstitutionally vague in Johnson v. United States, 135 S. Ct. 2551, 2557-60 (2015). On October 9, 2015, we construed a post-Johnson challenge to the residual clause of the career offender Guidelines and held that Johnson mandated a remand to the district court for resentencing when the residual clause of the Guidelines was the only basis for construing the predicate offenses as crimes of violence. United States v. Taylor, 803 F.3d 931, 932-33 (8th Cir. 2015) (per curiam). We remanded for a determination of whether the residual clause of the career offender portion of the Guidelines was unconstitutional, and if so, resentencing. Id. at 933.

Nonetheless, the government argues that any error in applying the career offender Guidelines is harmless, as Gray's sentencing Guidelines calculation would have been the same even without application of the career offender provisions. Indeed, the district court's sentencing calculations and the presentence investigation report both indicate that even without the career offender provisions, Gray's criminal history category would be VI,[2] and his offense level 34, resulting in the same

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

[2]The effect of the career offender provisions is to bump an offender's criminal history category to VI. See U.S.S.G. § 4B1.1(b).

sentencing range. However, Gray has also challenged the age of these same three previous convictions (battery, and two aggravated assaults), arguing that they are too remote in time to be counted under the Guidelines. See U.S.S.G. § 4A1.2(e) (directing that a prior offense which occurred more than fifteen years before the defendant's "commencement of the instant offense" is not counted unless the defendant's incarceration for the prior offense extended into this fifteen-year period). Gray has nine criminal history points resulting from the three relevant offenses. Gray was arrested for these offenses in April 1994, May 1995 and July 1995, but his period of incarceration from these offenses lasted until he was released from prison on October 15, 1998. Thus, the fifteen-year period ended on October 15, 2013. Gray argues that because he and the government stipulated that the offense he pleaded guilty to occurred on December 12, 2013, these three prior offenses are too remote (by the slim margin of two months) to be considered as part of his criminal history. The government presented evidence at the sentence hearing and now argues that Gray's relevant conduct (drug dealing) for the current offense extended back to a time prior to October 15, 2013, and so these three convictions should count. See U.S.S.G. § 4A1.2(e) cmt. n.8 (noting that "commencement of the instant offense" as used in § 4A1.2(e) "includes any relevant conduct"). The district court agreed and although the court noted the issue was a "close call," it ultimately found that the government had proved by a preponderance of the evidence that Gray's relevant conduct extended to a time period prior to October 15, 2013.

We review the district court's relevant-sentencing-conduct factual findings for clear error and its construction and application of the Guidelines de novo. United States v. Howard, 759 F.3d 886, 889 (8th Cir. 2014). Further, the district court has broad discretion at sentencing concerning the kind and source of the information it receives. United States v. Garcia, 774 F.3d 472, 475 (8th Cir. 2014). Relevant conduct is defined in our case law and in the Guidelines as conduct which is taken in preparation for, prior to, and in order to facilitate the charged offense. Howard, 759 F.3d at 889; see U.S.S.G. § 1B1.3(a)(1)(B) (defining relevant conduct). At the

sentencing hearing, the government presented evidence, most of which was hearsay (the government agent testifying about the contents of proffer interviews and the confidential informant's statements), of Gray's drug dealing in the time frame including and prior to October 2013. The district court found that this evidence satisfied the government's relatively low burden of proving that relevant drug-dealing conduct occurred prior to October 15, 2013. See United States v. Thomas, 760 F.3d 879, 889 (8th Cir. 2014) (noting that relevant conduct is established by a preponderance of the evidence presented at sentencing), cert. denied, 135 S. Ct. 1013 (2015); Garcia, 774 F.3d at 475 (observing that a sentencing proceeding does not carry the same evidentiary protections as a trial and that the court may consider uncorroborated hearsay evidence if it has sufficient indicia of reliability).

Having reviewed the record, we find the district court did not abuse its discretion in considering the evidence it did to make its findings, nor did it clearly err in making those findings. The three prior offenses were properly included in Gray's criminal history. Because Gray's sentencing Guidelines calculations were the same even without operation of the arguably unconstitutional residual clause of the career offender Guidelines, any error in applying this Guideline was harmless. United States v. Stong, 773 F.3d 920, 926 (8th Cir. 2014), cert. denied, 135 S. Ct. 1872 (2015). Accordingly, we affirm the sentence imposed by the district court.

_____