# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2303

_____

United States of America

*Plaintiff - Appellee*

v.

Cory Lamar Carter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: December 27, 2021
Filed: January 5, 2022
[Unpublished]

_____

Before BENTON, KELLY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Cory Lamar Carter appeals after he pled guilty to a conspiracy drug offense and the district court[1] imposed a below-Guidelines sentence. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

In counseled and pro se briefs, Carter challenges the drug-quantity calculation and the assignment of a criminal history point to a prior conviction for fleeing or attempting to elude a peace officer. Counsel also challenges the district court's reliance at sentencing on hearsay evidence, and a 4-level leadership role enhancement. Counsel has moved to withdraw, and Carter seeks the appointment of new counsel on appeal.

The district court did not clearly err in calculating the drug quantity. *See United States v. Garcia*, 774 F.3d 472, 474 (8th Cir. 2014) (standard of review; district court may approximate quantity of drugs for sentencing purposes, and can use imprecise evidence so long as the record reflects a basis for court's decision); U.S.S.G. § 2D1.1, comment. (n.5) (where amount of seized drug does not reflect the scale of the offense, court shall approximate drug quantity). The district court properly assessed a criminal history point for Carter's prior conviction for fleeing a peace officer. *See United States v. Barrientos*, 670 F.3d 870, 871-72 (8th Cir. 2012) (U.S.S.G. § 4A1.2 instructs courts on how to calculate defendant's criminal history; discussing factors courts should use in determining the similarity of offenses for purposes of § 4A1.2(c)); *United States v. Jenkins*, 989 F.2d 979, 980 (8th Cir. 1993) (clear-error standard applies to determinations regarding similarity between prior offense and excluded offenses listed under § 4A1.2(c)).

The hearsay argument fails on the merits because the record shows that the district court properly relied on consistent and corroborated evidence and testimony presented at sentencing. *See Garcia*, 774 F.3d at 475-76 (where record showed hearsay statements at sentencing were credible and consistent with other testimony, district court properly exercised its sound discretion in admitting and relying upon them); *see also United States v. Ngombwa*, 893 F.3d 546, 556-57 (8th Cir. 2018) (neither rules of evidence, nor Confrontation Clause apply at sentencing; affirming where hearsay statements were corroborated by each other, documentary evidence, and investigators' personal observations).

A preponderance of the evidence shows that Carter organized and directed the conspiracy drug suppliers, drivers, and others. *See United States v. Razo-Guerra*, 534 F.3d 970, 976-77 (8th Cir. 2008) (standard of review; upholding 4-level aggravating-role enhancement where defendant supplied dealer quantities of drugs, directed drug deliveries, and recruited others to deliver and transport drugs).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues for appeal.

The judgment is affirmed. Counsel's motion to withdraw is granted, and Carter's pro se motion for new counsel is denied as moot.

_____