# United States Court of Appeals
### For the Eighth Circuit
_____

No. 23-2264
_____

United States of America

*Plaintiff - Appellee*

v.

Ryan Dewayne Myrick

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: February 12, 2024
Filed: July 12, 2024
[Published]
_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.
_____

PER CURIAM.

_____

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. See 28 U.S.C. § 45(a)(1).

Ryan Dewayne Myrick pleaded guilty to possession with intent to distribute 50 grams or more of methamphetamine. He appeals his sentence, arguing the district court[2] made several procedural errors. We affirm.

I.

On October 26, 2021, law enforcement officers executed a search warrant at Myrick's apartment. There they found 69.01 grams of actual methamphetamine, a video surveillance system, drug packaging, a digital scale, and drug paraphernalia. In Myrick's vehicle, which was parked outside his apartment, they found additional pound-sized drug packaging.

Myrick was charged with one count of conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Pursuant to a plea agreement, Myrick pleaded guilty to the latter, admitting that he knowingly possessed 69.01 grams of actual methamphetamine, at least 50 grams of which he intended to distribute. In exchange, the government agreed to dismiss the conspiracy charge at the time of sentencing and recommend a reduction for acceptance of responsibility, reserving the right to oppose the reduction if, after the plea hearing, Myrick "fails to clearly demonstrate acceptance of responsibility." See United States Sentencing Guidelines (USSG) § 3E1.1(a) (2021). The parties also agreed that "all relevant conduct including the conduct that supported the [conspiracy] charge . . . [would] be considered by the Court at the time of sentencing."

---

[2]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

The Presentence Investigation Report (PSR) included a recommendation that Myrick be held responsible for 4.5 kilograms or more of ice[3] methamphetamine, which corresponds to a base offense level 38. See USSG § 2D1.1(a)(5), (c)(1). It also recommended a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance under § 2D1.1(b)(12) and a three-level reduction for acceptance of responsibility under § 3E1.1. Based on a total offense level of 37 and criminal history category III, the advisory Guidelines imprisonment range was 262 to 327 months.

Myrick objected to all drug quantity attributed to him in the PSR, except the 69.01 grams seized from his apartment, asserting that his base offense level should be calculated solely on that amount. He also objected to the enhancement for maintaining a premises. The government objected to the reduction for acceptance of responsibility.

At sentencing, the government offered testimony from co-defendant Jeremy Coryell and police officer Ryan Steinkamp, as well as a transcript of another co-defendant's grand jury testimony and a photograph of Myrick's apartment building. After considering the evidence, the district court overruled Myrick's objections and sustained the government's, resulting in a total offense level of 40 and an advisory Guidelines range of 360 months to life in prison. The district court sentenced Myrick to 300 months of imprisonment, to be followed by 5 years of supervised release.

II.

On appeal, Myrick challenges the district court's determinations concerning drug quantity and relevant conduct, application of the premises enhancement, and denial of a reduction for acceptance of responsibility.

---

[3]The Guidelines define "ice" as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." USSG § 2D1.1(c) n.(C).

A.

Myrick contends the district court erred when attributing drug quantities to him beyond the 69.01 grams he pleaded guilty to possessing. "We review the district court's factual finding of drug quantity for clear error and will reverse a determination of drug quantity only if the entire record definitely and firmly convinces us that a mistake has been made." United States v. Garcia, 774 F.3d 472, 474 (8th Cir. 2014) (per curiam) (quoting United States v. Minnis, 489 F.3d 325, 329 (8th Cir. 2007)). The government has the burden of proving drug quantity by a preponderance of the evidence.[4] Minnis, 489 F.3d at 329. "In cases where 'the amount seized does not reflect the scale of the offense,' a sentencing court 'shall approximate the quantity of the controlled substance.'" United States v. Harris, 36 F.4th 827, 830 (8th Cir. 2022) (per curiam) (quoting Garcia, 774 F.3d at 474). In such instances, the record must reflect the basis for the court's decision. Garcia, 774 F.3d at 474.

At sentencing, the district court relied on the sworn witness testimony and exhibits offered by the government. See United States v. Richey, 758 F.3d 999, 1002 (8th Cir. 2014) ("If the sentencing court chooses to make a finding with respect to [any] disputed facts, it must do so *on the basis of evidence*, and not the presentence report." (quoting United States v. Morehead, 375 F.3d 677, 679 (8th Cir. 2004))). In doing so, it considered "relevant conduct principles" under USSG § 1B1.3, and "limited the evidence . . . to weights that are specifically attributed to [Myrick], not to others in the conspiracy." Coryell testified that he sold one to two pounds of methamphetamine to Myrick "about five times" between December 2020 and

---

[4]Myrick makes a conclusory argument for the first time on appeal that the district court erred by applying a preponderance of the evidence standard when determining drug quantity at sentencing. But he fails to develop the argument or cite any authority to support it, and we will not address it further. See USSG § 6A1.3 comment. ("[U]se of a preponderance of the evidence standard is appropriate to meet due process requirements and policy concerns in resolving disputes regarding application of the guidelines to the facts of a case.").

January 2021, at Myrick's apartment. Coryell also said that he obtained the methamphetamine he sold to Myrick from co-defendant Matthew Anderson, and that Myrick later started buying methamphetamine directly from Anderson as well. Officer Steinkamp testified that another cooperating witness told him "that Myrick admitted to getting two to three pounds of methamphetamine from Anderson here and there," and "that Myrick sold drugs for Anderson." The court found that the testimony was credible and corroborated the information in the PSR. After finding that the drug quantities were established "far beyond a preponderance of the evidence," the district court concluded that it was appropriate to attribute those quantities to Myrick for a base offense level 38.

Myrick's challenge on appeal centers on Coryell's credibility. But "[a] district court's assessment of a witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility." United States v. Woods, 596 F.3d 445, 448 (8th Cir. 2010) (quoting United States v. Wahlstrom, 588 F.3d 538, 542 (8th Cir. 2009)). Myrick's counsel cross-examined Coryell about the benefit he expected to receive in exchange for his substantial assistance as a cooperating witness and about his alleged inconsistent statements to law enforcement regarding the extent of Myrick's involvement in drug trafficking. The district court heard Coryell testify, including his answers on cross-examination, and was in the best position to assess his credibility. See Garcia, 774 F.3d at 475 (concluding district court "properly exercised its 'sound discretion'" when it relied on hearsay statements that "were credible and were consistent with other witness testimony" (citations omitted)); cf. United States v. Campos, 79 F.4th 903, 916–18 (8th Cir. 2023) (vacating sentence when district court did not have the opportunity to make credibility determination of confidential source whose hearsay statements to law enforcement were the basis for sentencing enhancements). We discern no clear error in the district court's drug-quantity calculation.

B.

Myrick also argues that the district court erred by applying a two-level enhancement for "maintain[ing] a premises for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1(b)(12). We review the district court's finding that Myrick maintained his apartment for the purpose of distributing methamphetamine for clear error. United States v. Miller, 698 F.3d 699, 705 (8th Cir. 2012).

The premises enhancement "applies to a defendant who knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled substance." USSG § 2D1.1, comment. (n.17). When determining whether to apply the enhancement, a sentencing court should consider the defendant's possessory interest in the premises and "the extent to which [they] controlled access to, or activities at, the premises." Id. The district court does not need to find that manufacturing or distributing was "the sole purpose for which the premises was maintained." Id. Rather, finding that it was a "primary or principal" use, as opposed to an "incidental or collateral use[]," is enough. Id.

Myrick contends that the government failed to present sufficient evidence to justify the premises enhancement. But Coryell testified about drug trafficking activities that took place in the apartment where it was undisputed that Myrick lived. That, coupled with the unobjected-to facts in the PSR describing the items found during the search of the apartment, supports the finding that drug distribution activities were more than an "incidental or collateral" use of the apartment. The district court did not clearly err in applying the enhancement under § 2D1.1.

C.

Finally, Myrick argues that the district court erred when it denied him a reduction for acceptance of responsibility. We review such a denial for clear error. United States v. Fischer, 551 F.3d 751, 754 (8th Cir. 2008).

Myrick has the burden of establishing that he is entitled to this reduction. United States v. Binkholder, 832 F.3d 923, 927 (8th Cir. 2016). A pre-trial guilty plea "combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct . . . constitute[s] significant evidence of acceptance of responsibility." USSG § 3E1.1 comment. (n.3). However, a guilty plea does not entitle a defendant to this reduction "as a matter of right." Id. "A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1 comment. (n.1(A)); see United States v. Davis, 875 F.3d 869, 875 (8th Cir. 2017).

Myrick asserts that his guilty plea demonstrated acceptance of responsibility for the offense. But after stipulating in his plea agreement that the sentencing court would consider the conduct that supported the dismissed conspiracy charge, Myrick raised factual objections to nearly every paragraph in the PSR concerning the conspiracy, and contested relevant conduct that was "well supported in the record." We find no clear error in the district court's decision to deny a reduction for acceptance of responsibility.

We affirm the judgment of the district court.

_____