# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1750
_____

United States of America

*Plaintiff - Appellee*

v.

Dominic Gregory Lacava

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 18, 2025
Filed: July 8, 2025
[Unpublished]

_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Dominic Lacava pleaded guilty to being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(8). Lacava's total offense level of 33 combined with a criminal history category of V resulted in an advisory sentencing guidelines range of 210 to 265 months. Because the sentencing guidelines range exceeded the statutory maximum sentence of 180 months, the statutory maximum became the

applicable guidelines range. *See* U.S.S.G. § 5G1.1(a). After considering the 18 U.S.C. § 3553(a) factors, the district court[1] sentenced Lacava to the statutory maximum. On appeal, Lacava argues that the district court committed procedural error and imposed a substantively unreasonable sentence.

We first address whether the district court committed procedural error. "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). In determining whether a district court committed procedural error, "we review the district court's factual findings for clear error, and its interpretation and application of the Guidelines, de novo." *United States v. Frisch*, 704 F.3d 541, 543 (8th Cir. 2013) (alteration omitted).

Lacava contends that the district court procedurally erred in finding that he was subject to a two-level enhancement under U.S.S.G. § 2K2.1(b)(1)(A) for possessing three to seven firearms. We need not address the merits of this contention as Lacava has waived argument on the issue. Prior to sentencing, the United States Probation Office submitted a Presentence Investigation Report ("PSR"), which attributed a two-level enhancement to Lacava for possessing three to seven firearms. At the sentencing hearing, defense counsel initially objected to the two-level enhancement. However, after conferring with Lacava, defense counsel withdrew the objection and conceded that Lacava possessed at least three firearms. Because a defendant who withdraws his objection to facts set forth in the PSR waives any objection to those facts, *United States v. Bowers*, 743 F.3d 1182, 1184 (8th Cir. 2014), Lacava has waived any objection to the fact that he possessed at least three firearms.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Next, Lacava asserts that the district court procedurally erred because it found that he was subject to a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm in connection with "another felony offense." At sentencing, the detective assigned to investigate Lacava testified that Lacava had sexually abused one of his girlfriend's children and physically abused all of her children. He further testified that the children knew that Lacava possessed firearms in the residence they shared and that the children had observed Lacava shoot the firearms on several occasions. Based on this testimony, the district court determined that Lacava's possession of the firearms facilitated or had the potential to facilitate his abuse of the children, which qualified as "another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B). *See, e.g.*, Iowa Code § 709.3 (2021) (stating that sexual abuse of a minor is a class "B" felony). In addition, the district court noted that law enforcement had located numerous controlled substances in Lacava's residence, the firearms had been located in that same residence, and Lacava had conceded that he had distributed controlled substances from that residence. The district court thus determined that Lacava's possession of the firearms facilitated or had the potential to facilitate his drug distribution and possession activities, each of which qualified as "another felony offense" under U.S.S.G. § 2K2.1(b)(6)(B). *See United States v. Blankenship*, 552 F.3d 703, 705 (8th Cir. 2009) (noting that a district court must apply the enhancement if the other felony offense is drug trafficking, and that it may apply the enhancement if the other felony is simple possession so long as the district court makes "a finding that the firearm facilitated the drug offense"). We discern no clear error in the district court's determinations.

Lacava's final claim of procedural error is that the district court erred in denying him a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility. We disagree. "As the guidelines note, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." *United States v. Godfrey*, 863 F.3d 1088, 1096 (8th Cir. 2017) (internal quotation marks omitted). Here, Lacava frivolously contested relevant conduct, including domestic abuse against his girlfriend, possession of firearms in connection with other felony

offenses, and gang membership. *See United States v. Myrick*, 107 F.4th 873, 878 (8th Cir. 2024) (finding no clear error in the district court's decision to deny a reduction for acceptance of responsibility because the defendant had "raised factual objections to nearly every paragraph in the PSR . . . and contested relevant conduct that was well supported in the record") (internal quotation marks omitted)). He also committed nineteen disciplinary violations in prison prior to sentencing. *See United States v. Winters*, 411 F.3d 967, 973-74 (8th Cir. 2005) (finding that the district court did not clearly err in denying a downward adjustment for acceptance of responsibility in part because the defendant had faced disciplinary problems while in pretrial detention). We conclude that the district court did not clearly err in determining that these facts were inconsistent with acceptance of responsibility and denying Lacava the two-level reduction.

We next address whether the district court imposed a substantively unreasonable sentence. We review the substantive reasonableness of a sentence under an abuse of discretion standard. *Feemster*, 572 F.3d at 461. A district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight," "gives significant weight to an improper or irrelevant factor," or "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Noriega*, 35 F.4th 643, 651 (8th Cir. 2022).

We conclude that the district court did not abuse its discretion. "If the defendant's sentence is within the Guidelines range, then we may, but are not required to, apply a presumption of reasonableness." *Feemster*, 572 F.3d at 461 (citation modified). Here, the district court sentenced Lacava to 180 months, which was within his advisory sentencing guidelines range. The sentence was supported by several aggravating factors, including Lacava's extensive criminal history and disciplinary violations in prison prior to sentencing. We discern no abuse of discretion.

Accordingly, we affirm the judgment of the district court.

_____