# United States Court of Appeals

### For the Eighth Circuit

_____

No. 24-2525

_____

United States of America,

*Plaintiff - Appellee,*

v.

Tyree Skinner,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: October 20, 2025
Filed: December 31, 2025
[Unpublished]

_____

Before COLLOTON, Chief Judge, LOKEN and BENTON, Circuit Judges.

_____

PER CURIAM.

Tyree Skinner pleaded guilty to four counts of distributing methamphetamine. The district court[1] calculated an advisory sentencing guideline range of 262 to 327 months' imprisonment, but varied downward and imposed a sentence of 180 months. Skinner argues that the court erred in calculating the advisory range and that the sentence is too long as a result. We conclude that there is no reversible error, and affirm the judgment.

Law enforcement officers arranged four controlled purchases of methamphetamine from Skinner between October 2018 and January 2019. A confidential informant purchased a total of 117.56 grams of methamphetamine from Skinner. A grand jury charged Skinner in June 2019, but the trial was delayed for years, and Skinner remained on pretrial release into 2023.

In March 2023, officers learned that Skinner was still distributing methamphetamine, and they carried out two more controlled purchases of drugs. Officers then executed a search warrant at Skinner's residence and seized drugs, firearms, cash, and other evidence.

Skinner pleaded not guilty and proceeded to trial, but then pleaded guilty during the second day of trial. At sentencing, the district court overruled several objections from Skinner to the advisory guideline calculation and arrived at a range of 262 to 327 months' imprisonment. The court then varied downward to a range of 168 to 210 months, and sentenced Skinner to 180 months in prison.

---

[1]The Honorable Kristine G. Baker, Chief Judge, United States District Court for the Eastern District of Arkansas.

On appeal, Skinner challenges the district court's calculation of the advisory sentencing guideline range. Although the district court varied downward substantially from the advisory range, Skinner implicitly suggests that the court might have arrived at a shorter term of imprisonment if the advisory range had been lower. We review the district court's findings of fact for clear error and its application of the sentencing guidelines to the facts *de novo*. *United States v. Berry*, 930 F.3d 997, 999 (8th Cir. 2019).

Skinner first disputes the district court's finding of drug quantity for which he was accountable. The court attributed quantity from the four controlled transactions in 2018 and 2019 and from seizures at Skinner's home in March 2023. Skinner contends that the court clearly erred by including the latter amounts.

The guidelines direct the district court to consider all "relevant conduct" of the defendant, which includes acts "that were part of the same course of conduct . . . as the offense of conviction." USSG § 1B1.3(a)(2). Acts are part of the same course of conduct if they are "part of a single episode, spree, or ongoing series of offenses." USSG § 1B1.3, comment. (n.5(B)(ii)). In determining whether acts are part of the same course of conduct, the district court should consider "the degree of similarity of the offenses, the regularity (repetitions) of the offenses, and the time interval between the offenses." *Id.* The district court found that Skinner's drug trafficking activity in 2023 was relevant conduct.

Skinner contends that relevant conduct should not include his conduct in 2023 because it is too remote in time from the offenses of conviction in 2018 and 2019. Where the conduct at issue is relatively remote to the conduct of conviction, "a stronger showing of similarity or regularity is necessary." *Id.*

Skinner pleaded guilty to four counts of distributing methamphetamine based on controlled transactions between October 2018 and January 2019. While Skinner

was awaiting trial, officers executed the search warrant at his home in March 2023. There is no "bright-line rule" that establishes when conduct would be too remote in time, *see United States v. Soto*, 62 F.4th 430, 434 (8th Cir. 2023), and this court has held that the same course of conduct may continue for several years after the offense of conviction under appropriate circumstances. *Id.* at 435; *United States v. Anderson*, 243 F.3d 478, 485 (8th Cir. 2001); *United States v. Williams*, No. 22-3618, 2023 WL 8869445, at *1-*2 (8th Cir. Dec. 21, 2023) (per curiam) (unpublished).

The district court did not clearly err in counting Skinner's drug trafficking in March 2023 as relevant conduct. Skinner was on pre-trial release pending trial for the drug charges from 2018 and 2019 when he engaged in further drug trafficking in 2023. He was again distributing methamphetamine in the same geographic region. *See United States v. Lawrence*, 854 F.3d 462, 468 (8th Cir. 2017). The district court reasonably found that Skinner was "continuing to deal drugs" in 2023, as part of the same course of conduct, and the record does not firmly convince us that the finding is mistaken.

Skinner next challenges the district court's finding that he maintained a premises for the purpose of distributing controlled substances. *See* USSG § 2D1.1(b)(12). On this question, the court should consider whether the defendant owned or rented the premises, and the extent to which the defendant controlled access to the premises. USSG § 2D1.1, comment. (n.17). Manufacturing or distributing a controlled substance must be one of the defendant's "primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses." *Id.*

The district court did not clearly err in applying the increase. Skinner resided at the house where officers searched, and trial testimony established that drugs and drug paraphernalia were found in his bedroom. The seizure of digital scales and a large amount of cash, along with methamphetamine, cocaine, and marijuana, indicated that Skinner was involved in significant trafficking. The evidence thus

supported a finding that distribution of drugs was a primary use for the residence, not merely an incidental or collateral use.

Skinner also disputes the district court's finding that he was subject to a two-level increase for possessing a firearm in connection with drug trafficking. *See* USSG § 2D1.1(b)(1). The increase applies "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.11(A)). The district court found that the increase applied based on firearms seized from Skinner's residence in 2023.

Skinner contends the district court erred by relying on portions of the presentence report to which he objected. But the court properly relied on a police report, filed with the court during trial, that the court deemed reliable. *See* USSG § 6A1.3(a); *United States v. Angeles-Moctezuma*, 927 F.3d 1033, 1037 (8th Cir. 2019).

The police report showed that officers found a handgun in the southwest bedroom closet of the residence, and trial testimony established that this was Skinner's bedroom. The gun was found in the same room where officers seized cocaine, marijuana, methamphetamine, digital scales, and large amounts of cash. As the handgun was found in close proximity to drugs and other tools of the drug trade, it is not "clearly improbable" that the handgun was connected to drug distribution. Thus, the district court did not clearly err in applying the increase.

Finally, Skinner argues that the district court clearly erred by declining to reduce his offense level under USSG § 3E1.1(a) for acceptance of responsibility. The court found that Skinner had not clearly accepted responsibility for his offense conduct, because he waited until well into the second day of trial to enter a plea and then continued to deny relevant conduct.

A guilty plea does not entitle the defendant to a reduction as a matter of right. *United States v. Myrick*, 107 F.4th 873, 878 (8th Cir. 2024) (per curiam); USSG § 3E1.1, comment. (n.3). Because Skinner waited until the government had presented most of its evidence, the court permissibly found that he had not earned a downward adjustment for accepting responsibility. "While putting the government through the rigors of trial is not a per se bar to a reduction for acceptance of responsibility," the district court "enjoys wide latitude" in denying a request for a reduction on that basis. *United States v. King*, 36 F.3d 728, 735 (8th Cir. 1994). And while contesting relevant conduct that the court determines to be true does not necessarily establish that the defendant's position was frivolous, USSG § 3E1.1, comment. (n.1(A)), the court here reasonably found that Skinner failed to accept responsibility when he contested points that were convincingly established by testimony of the investigating agent.

The judgment of the district court is affirmed.

_____